# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

CARLOS MARQUEZ, CHARLENE HUMPHREY, JESI GEIL and WILBUR J. BEIKIRCH, on behalf of themselves and all others similarly situated,

                Plaintiff(s),

v.

KELLY REED, as Commissioner of the Monroe County Department of Human Services,

                Defendant(s).



**DECISION AND ORDER**
10-CV-6360

## **Preliminary Statement**

Plaintiffs brought this case as a class action under Rule 23 of the Federal Rules of Civil Procedure, challenging defendant's customs, policies, patterns and practices of failing to: (i) determine the eligibility of applicants for food stamps, Medicaid, and/or cash assistance benefits within the time frames required by federal and State laws and regulations; (ii) provide written notices of determinations of eligibility for food stamps, Medicaid, and/or cash assistance benefits, including notice of the right to a fair hearing in the event of an adverse eligibility determination, within the time frames required by federal and State laws and regulations; (iii) provide food stamps, Medicaid, and/or cash assistance benefits to eligible applicants within the time frames required by federal and State laws and regulations; and (iv) comply with fair hearing decisions within the time frames required

by federal and State laws and regulations. See Amended Complaint (Docket # 4). By Order dated April 16, 2013, this Court approved the settlement of this case. See Order (Docket # 33). Plaintiffs now seeks approval of attorneys' fees and costs in the amount of $91,363.94. (Docket # 35). Specifically, plaintiffs request that the Court award the Empire Justice Center $75,614.70 and Woods Oviatt Gilman LLP $15,749.24 for reasonable attorneys' fees and disbursements for the period through February 28, 2013. The motion is unopposed. See Docket # 36. Based on the application of plaintiffs' counsel and the papers submitted in connection with the instant motion and for the reasons set forth herein, the Court finds that the attorneys' fees and costs requested are reasonable. Accordingly, plaintiffs are awarded $91,363.94 in attorneys' fees and costs.

## Discussion

A prevailing party in a 42 U.S.C. § 1983 action is entitled to attorneys' fees under 42 U.S.C. § 1988. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Notwithstanding the parties' agreement on the amount of compensable attorneys' fees and costs, this Court must determine whether the fees requested are reasonable. The Supreme Court and the Second Circuit have held that "the lodestar-the product of a reasonable hourly rate and the reasonable number of hours required by the case-creates a 'presumptively

reasonable fee.'" Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)(citation omitted); see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 130 S. Ct. 1662, 1673 (2010). The reasonable hourly rate is, generally, the hourly rate employed by attorneys in the district in which the litigation is brought. Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009).

"In determining what constitutes a 'reasonable hourly rate,' the court should look to the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Olsen v. Cnty. of Nassau, No. CV 05-3623(ETB), 2010 WL 376642, at *2 (E.D.N.Y. Jan. 26, 2010)(internal quotations and citations omitted). The court should "also rely on its own knowledge of hourly rates charged in" the local legal community to determine what a "reasonable" rate is. Id. "The determination of what constitutes a reasonable hourly rate also requires the submission of information concerning the credentials or experience of counsel applying for fees." Id. at *3 (internal quotations and citations omitted). "[T]he party seeking an award of attorney's fees must support its application by providing contemporaneous time records that detail for each attorney [and legal assistant], the date, the hours expended, and the nature of the work done." Id. at *2 (internal quotation and citation omitted).

Here, class counsel requests the following billing rates: $300 per hour for senior level attorneys with at least 25 years of experience in their respective practice areas who worked on this case; $175 per hour for attorney with seven years of experience; $165 per hour for attorney with five years of experience; $135 and $125 per hour for attorneys with four years of experience; and $110 per hour for an individual with a Ph.D. and a second year law student who both worked on this case. Class counsel avers that in an effort to make their request for attorneys' fees as reasonable as possible, they, *inter alia*, gathered information, researched and reviewed decisions on motions for attorneys' fees in this District, and reduced the billing rate requested by senior level attorneys to a rate ($300/hour) that is "well below the billing rate currently charged by" senior level attorneys in the local legal community, and also reduced the amounts of time spent by the attorneys and other individuals who worked on this case. See Declaration of Bryan D. Hetherington, Esq. annexed to Docket # 35 at ¶¶ 5, 8, 11, 20, 21. In support of their application for an award of attorneys' fees, class counsel has provided (i) a time and attorneys' fees summary, (ii) the resumes of the attorneys employed by the Empire Justice Center who represented the plaintiffs in this case or who provided assistance on a specific issue, and (iii) the contemporaneous time records, through March 18, 2013, for the attorneys, law students and statistical expert who worked on this

case. See Exhibits "A," "B" and "C" attached to the Hetherington Declaration.

The Court, upon review of the papers submitted in support of the instant application, including the credentials of the attorneys and other individuals who worked on this case and the contemporaneous time records submitted in support thereof, and upon consideration of the rates routinely charged in this District, as well as the nature and complexity of this case, finds that the attorneys' fees and costs requested by the plaintiffs are fair and reasonable under the circumstances of this case. Accordingly, plaintiffs' motion for attorneys' fees (Docket # 35) is **granted**.

### Conclusion

Plaintiffs' motion for attorneys' fees and disbursements (Docket # 35) is **granted**. The oral argument set for June 7, 2013 is canceled.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: June 6, 2013
Rochester, New York